UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY D. HARDMAN,

    Petitioner,

    v.       CAUSE NO. 3:19-CV-443-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jerry D. Hardman, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 18-10-749) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in trafficking conspiracy in violation of Indiana Department of Correction Offenses 111 and 113. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Hardman argues that he is entitled to habeas relief because he requested a witness statement and correctional staff denied the request. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

Hardman was charged with trafficking controlled substances based on allegations that he conducted a transaction in a Wal-Mart parking lot in South Bend, Indiana through an individual named Heather Harman. The hearing officer found Hardman guilty based on the recorded telephone calls between Hardman and Harman and the subsequent criminal investigation of Harman. According to the record, Hardman threatened Harman after she refused to communicate with him in connection with his disciplinary proceedings, and Warden Hyatte banned Harman from all correctional facilities due to the results of an investigation that suggested her trafficking involvement.

At screening, Hardman requested a statement from Harman with respect to the details of the parking lot transaction, including the identity of the other party to the transaction, the purchase price, and the dollar amount contributed by Hardman. The hearing officer denied the request citing the disapproval of the internal affairs department and Harman's pending criminal charges. This denial reflected prison officials' legitimate concerns regarding the risk of reprisal against the requested witness and the risk of allowing an individual suspected of trafficking with an inmate to continue communicating with that inmate, and the court cannot find that the hearing officer abused his discretion in denying the request. Further, it is unclear how the lack of a witness statement identifying the other party to the parking lot transaction or describing his monetary contribution prejudiced Hardman. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error analysis to prison disciplinary proceedings); *Vaughn v. Superintendent*, 2017 WL 5130198, at *2 (S.D. Ind. 2017) (same).

Therefore, the argument that the hearing officer denied the request for a witness statement is not a basis for habeas relief.

Hardman argues that he is entitled to habeas relief because the hearing officer knew of the trafficking investigation before the hearing due to the internal affairs report and the warden's directive restricting Harman's access to correctional facilities. He maintains that the hearing officer found him guilty at the direction of his supervisors. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer had any personal involvement in the underlying charge or that he had received any orders from his supervisors on how to resolve Hardman's disciplinary proceedings. Moreover, an investigatory report related to the disciplinary charges is relevant evidence, and a hearing officer's mere consideration of such a report cannot suggest improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Finally, Hardman argues that he is entitled to habeas relief because correctional staff deprived him of visitation and recreational privileges prior to his hearing. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). This argument does not relate to the fact or duration of Hardman's incarceration, so the court cannot grant him habeas relief on this basis.

Because Hardman has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Hardman wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jerry D. Hardman leave to proceed in forma pauperis on appeal.

SO ORDERED on September 21, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT